■ SARA BERGER, Respondent, v. EDWARD COLRICK, Appellant.— In an action to recover damages for injury to person and property resulting from defendant's alleged negligence, the defendant appeals from an order of the Supreme Court, Queens County, dated April 29, 1963, which: (a) granted plaintiff's motion to open her default; (b) vacated a prior order of dismissal; and (c) restored the action to the Trial Term Calendar. Order appealed from reversed, with $10 costs and disbursements, and motion denied. The action was commenced on November 3, 1955; issue was joined in April, 1956; and a statement of readiness and note of issue were filed for the November 1958 Term. The action appeared on the Pretrial Calendar on April 26, 1960 and, by reason of the nonappearance of plaintiff or her attorney, was marked "off." On April 26, 1961, pursuant to rule 302 of the former Rules of Civil Practice (cf. CPLR 3404), the action was thereafter marked "dismissed". No other proceedings

were taken after joinder of issue, except that plaintiff was examined before trial in August, 1956. Plaintiff retained new attorneys in May, 1962; and the instant application was made in February, 1963. Plaintiff's attorneys lay the blame for the dismissal on her former attorney, explaining that they learned about the dismissal only after they had been retained. This proffered excuse for the delay in making the motion — a delay of almost two years since the case was marked "dismissed" — is insufficient (*Sortino* v. *Fisher,* 20 A D 2d 25). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.