■ John Bohlman et al., Appellants, v Henry Lorenzen, Respondent. [617 NYS2d 193] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated December 26, 1992, which, *inter alia,* denied their renewed motion to vacate the dismissal of this action and to restore it to the trial calendar.

Ordered that the order is affirmed, with costs.

A party seeking to restore a matter to the trial calendar after it has been dismissed pursuant to CPLR 3404 must show, *inter alia,* a reasonable excuse for any delay and an intent not to abandon the matter *(see, Kopilas v Peterson,* 206 AD2d 460; *Civello v Grossman,* 192 AD2d 636).

There was no activity in this matter during 1990 (when the case was first marked off the calendar) and during the first half of 1991. Additionally, the plaintiffs have admitted in their affidavits that they deliberately withheld their address from their own counsel. Finally, it appears that they deliberately thwarted their own counsel's attempts to communicate with them. Under these circumstances, it is clear that the Supreme Court did not improvidently exercise its discretion in denying their motion to vacate the automatic dismissal of the action and restore it to the trial calendar *(see, Kopilas v Peterson, supra; see also, Candeloro v Candeloro,* 133 AD2d 731; *Tucker v Hotel Empls. & Rest. Empls. Union,* 134 AD2d 494). In light of this determination that the action was properly dismissed, we need not reach the remaining contention. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.