■ Todd Jeffs, Appellant, v Janessa, Inc., Respondent, et al., Defendant. [641 NYS2d 75] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated February 22, 1995, which denied his motion to restore the matter to the trial calendar and to direct an independent medical examination of him.

Ordered that the order is affirmed, with costs.

This case was marked off the trial calendar in October 1993 and dismissed pursuant to CPLR 3404 in December 1994. In January 1995, the plaintiff moved, *inter alia,* to restore the action to the trial calendar. The Supreme Court denied the motion and we affirm.

"A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar" (*Civello v Grossman,* 192 AD2d 636; *see also, Lee v Chion,* 213 AD2d 602).

The plaintiff engaged in virtually no activity regarding the case between when it was marked off the trial calendar and when he moved to restore it to the calendar. Under these circumstances, the plaintiff has failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (*see, Bohlman v Lorenzen,* 208 AD2d 582; *Kopilas v Peterson,* 206 AD2d 460, 461; *Escobar v Deepdale Gen. Hosp.,* 172 AD2d 486).

Moreover, the plaintiff has not demonstrated a reasonable excuse for his delay in moving to restore the case to the trial calendar. The plaintiff argues that he did not move earlier because a physical examination by the defendant's doctor remained outstanding and that such discovery could not take place due to the plaintiff's incarceration. However, when counsel finally moved to restore the case to the trial calendar, the plaintiff was still incarcerated; yet the motion also sought direction about how to conduct the physical examination. Obviously, such a motion could have been brought any time after the case was struck from the trial calendar. Indeed, the

plaintiff must have known that his incarceration would not end before the passage of one year from when the case was struck from the trial calendar. Thus, it behooved the plaintiff to seek judicial intervention regarding the outstanding physical examination before the case was deemed abandoned.

Finally, in view of the plaintiff's lengthy delay in moving to restore the case to the trial calendar and the fact that six years have passed since the accident that allegedly caused the plaintiff's injuries occurred, the respondent would be significantly prejudiced if the matter were restored to the trial calendar (see, Civello v Grossman, supra; Hewitt v Booth Mem. Med. Ctr., 178 AD2d 401). Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.