■ WILLIAM McKENNA, Respondent, v JOE SOLOMON, Defendant, and HARRY GOOTAR, Appellant. [681 NYS2d 59] —In an action to recover damages for personal injuries, the defendant Harry Gootar appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated October 6, 1997, which granted the plaintiff's motion to restore the action, which had been dismissed pursuant to CPLR 3404, to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Under CPLR 3404, a case stricken from the trial calendar and not restored within one year thereafter is deemed abandoned and automatically dismissed for neglect to prosecute. The instant case was marked off the trial calendar on March 29, 1993, and the plaintiff's motion to restore the case to the calendar was made in March 1997, four years later. Thus, the plaintiff, in seeking to restore his case to the trial calendar after it was dismissed pursuant to CPLR 3404, was required to show the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the defendants in the event that the case is restored to the trial calendar (*see, Jeffs v Janessa, Inc.,* 226 AD2d 504; *Yacono v Waterman S. S. Co.,* 216 AD2d 556; *Bohlman v Lorenzen,* 208 AD2d 582).

The plaintiff engaged in no activity regarding the case between the date it was marked off the trial calendar and the date he moved to restore it to the calendar. Under these circumstances, the plaintiff has failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (*see, Jeffs v Janessa, Inc., supra; Bohlman v Lorenzen, supra; Kopilas v Peterson,* 206 AD2d 460, 461).

Furthermore, the plaintiff failed to demonstrate the existence of a meritorious cause of action since the complaint and affirmation in support of his motion were verified by his attorneys, not by an individual with personal knowledge (*see,*

*Peterson v Scandurra Trucking Co.,* 226 AD2d 691; *Terranova v Gallagher Truck Ctr.,* 121 AD2d 621), and in any event they merely stated in conclusory fashion that the defendants were negligent (*see, Smith v City of New York,* 237 AD2d 344).

Finally, the plaintiff has not demonstrated a reasonable excuse for his delay in moving to restore the case to the trial calendar. Given that 10 years have passed since the occurrence of the accident which allegedly caused the plaintiff's injuries, the defendants would be significantly prejudiced if the matter were restored to the trial calendar (*see, Civello v Grossman,* 192 AD2d 636; *Nepomniaschi v Goldstein,* 182 AD2d 743). Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.