■ **ANNA AGUILAR** et al., Respondents, v **LAZDER DJONVIC** et al., Appellants. [723 NYS2d 474] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 24, 2000, which denied defendants' motion for an order dismissing the complaint pursuant to CPLR 3404, and restored the case to the calendar upon the condition that counsel for plaintiffs pay $250 in costs to defendants, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, defendants' motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiffs commenced this action on April 23, 1991, to recover for injuries suffered when a kitchen cabinet dislodged and fell on plaintiff Anna Aguilar. On August 27, 1997, when the case appeared on the trial calendar, plaintiffs requested that the Note of Issue be stricken and the matter marked off. Over two years later, on September 21, 1999, defendants moved for an order dismissing the complaint, arguing that the action had been abandoned, and plaintiffs cross-moved for restoration. The IAS court denied defendants' motion and restored the action, upon condition that plaintiffs' counsel pay defendants $250 in costs. This was an improvident exercise of discretion.

To vacate a CPLR 3404 automatic dismissal, plaintiffs are required to demonstrate "a meritorious cause of action, a reasonable excuse for the delay [in moving to restore the action], the absence of prejudice to the opposing party and a lack of intent to abandon the action" (*Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 355). All four components of this test must be met before dismissal can be vacated (*Lafata v 712 Fifth Ave. Assocs.*, 238 AD2d 552).

Plaintiffs failed to establish a valid excuse for the more than two-year delay in moving to restore the matter to the trial calendar, which was finally done only in response to defendants' motion to dismiss the action (*see, Fico v Health Ins. Plan*, 248

AD2d 432). Plaintiff Anna Aguilar's claims that she suffered from various medical conditions were insufficient to account for her delay. No medical documentation was presented in support, and defendants were not provided with any medical/hospital reports, medical authorizations or a supplemental/amended bill of particulars (*Jeffs v Janessa, Inc.*, 226 AD2d 504, *lv dismissed* 88 NY2d 1037; *compare*, *Lebron v New York City Hous. Auth.*, 257 AD2d 541 [delay excused by documented medical problems]; *Kassover v Diamonds Run*, 193 AD2d 515 [same]; *Kolbasiuk v Printers Bindary*, 93 AD2d 739 [same]).

Moreover, plaintiffs' affidavit presented conclusory claims and was insufficient to establish the merits of the action (*Vargas v Flatbush Pest Control*, 178 AD2d 528). The complete lack of activity on the part of plaintiffs between the time that the action was stricken from the calendar and the defendants' September 21, 1999 motion to dismiss fails to rebut the presumption of abandonment (*Moses v Wilmaud Realty Corp.*, 262 AD2d 538; *121 Greene St. Assocs. v Anchor Plumbing Corp.*, 258 AD2d 276; *McKenna v Solomon*, 255 AD2d 496). No adequate explanation for plaintiffs' failure to proceed with discovery has been presented (*Prote Contr. Co. v Board of Educ.*, 250 AD2d 487, *lv dismissed* 92 NY2d 919; *Jeffs, supra*). We thus reverse the order appealed and dismiss the action. Concur—Rosenberger, J. P., Mazzarelli, Wallach, Saxe and Buckley, JJ.