■ FURNITURE VILLAGE, INC., Appellant, v DAVID SCHOEN-BERGER et al., Defendants and Third-Party Plaintiffs-Respondents. GREENFIELD FUEL OIL COMPANY et al., Third-Party Defendants-Respondents. [725 NYS2d 860] —In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated July 24, 2000, which denied its motion to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

It is well settled that a party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the absence of prejudice to the nonmoving party (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190; *Prado v Catholic Med. Ctr.,* 237 AD2d 341; *Kopilas v Peterson,* 206 AD2d 460).

Here, the Supreme Court properly determined that the defendants and the third-party defendants would be prejudiced if they were forced to defend an action based on events that occurred in 1982 and 1983 (*cf., Jeffs v Janessa, Inc.,* 226 AD2d 504). There was no activity in the case during the more than three years following its dismissal pursuant to CPLR 3404 and the plaintiff's initial motion to restore, evincing an intent to abandon the action (*see, Knight v City of New York,* 193 AD2d 720). Moreover, the plaintiff failed to demonstrate a reasonable excuse for the delay in moving to restore the case to the trial calendar.

The plaintiff's remaining contention is without merit. Bracken, P. J., Altman, Goldstein and McGinity, JJ., concur.