■ MANGALY SHAH, Appellant, v CARLTON GARDENS HOUSING Co., INC., Respondent. [729 NYS2d 900] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated June 9, 2000, which denied his motion to restore the action to the calendar.

Ordered that the order is affirmed, with costs.

A plaintiff seeking to restore an action to the calendar after it has been marked off and dismissed pursuant to CPLR 3404 must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190). The plaintiff's claim of law office failure is not a reasonable excuse for the delay under the

circumstances (*see, Mandel v Johnson,* 285 AD2d 630). Furthermore, in light of the plaintiff's inactivity in the case during the more than three-year period between the end of settlement negotiations and the motion to restore the action to the calendar, he failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed (*see, Furniture Vil. v Schoenberger,* 283 AD2d 607). Moreover, as more than nine years had elapsed between the date of the plaintiff's accident and the motion to restore the action to the calendar, the defendant would be prejudiced if the action were restored (*see, Furniture Vil. v Schoenberger, supra*). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.