■ JERZY GAJEK et al., Appellants, v HAMPTON BAYS VOLUNTEER AMBULANCE CORPS., INC., et al., Defendants, and SOUTH HAMPTON HOSPITAL, Respondent. [910 NYS2d 109]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), entered October 28, 2009, which granted that branch of the motion of the defendant South Hampton Hospital which was pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against it and denied their cross motion, in effect, to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar, and (2) a judgment of the same court entered February 2, 2010, which, upon the order, is in favor of the defendant South Hampton Hospital and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A case marked off the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Strancewilko v Martin*, 50 AD3d 671 [2008]; *Williams v D'Angelo*, 24 AD3d 538 [2005]; *Magnone v Gemm Custom Brokers, Inc.*, 17 AD3d 412 [2005]; *Basetti v Nour*, 287 AD2d 126, 130-131 [2001]).

Here, the plaintiffs failed to demonstrate a reasonable excuse for the initial 10-month delay by counsel of record in obtaining a trial attorney (*see Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905, 906 [2010]; *Murray v New York City Health & Hosps. Corp.*, 52 AD3d 792, 793 [2008]; *Hartwich v Young*, 149 AD2d 769, 770 [1989]; *Catalfamo v Flushing Natl. Bank*, 91 AD2d 967 [1983]). The excuses proffered by the subsequently retained trial attorney for the further six-month delay in moving to vacate the dismissal and restore the action, inter alia, that he was unaware that the case had been marked off the calendar, amounted to law office failure, which, under the circumstances of this case, did not constitute a reasonable excuse (*see* CPLR 2005; *Stancati v Weber*, 17 AD3d 447, 448 [2005]; *Castillo v City of New York*, 6 AD3d 568, 568-569 [2004]; *Pullem v Town of Babylon*, 253 AD2d 805 [1998]).

Moreover, the plaintiffs engaged in only minimal activity regarding the case during the 16 months which elapsed from the date it was marked off the calendar to the date they moved to restore. This limited activity was insufficient to rebut the presumption of abandonment that attached after the automatic dismissal (*see Castillo v City of New York*, 6 AD3d at 569; *Cruz v Volkswagen of Am.*, 277 AD2d 340, 341 [2000]; *McCarthy v Bagner*, 271 AD2d 509, 510 [2000]; *Jeffs v Janessa, Inc.*, 226 AD2d 504 [1996]). Furthermore, since more than six years elapsed between the date of the alleged malpractice and the date of the motion to restore, the respondent would be prejudiced if the action were restored to the trial calendar (*see*

*Kalyuskin v Rudisel*, 306 AD2d 246, 247 [2003]; *Tate v Peninsula Hosp. Ctr.*, 255 AD2d 503, 504 [1998]; *Jeffs v Janessa, Inc.*, 226 AD2d at 505). Accordingly, the Supreme Court providently exercised its discretion in, inter alia, denying the plaintiffs' cross motion, in effect, to vacate the automatic dismissal of the action and to restore the action to the calendar. Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.