■ WLODZIMIERZ NASURO et al., Plaintiffs, v PI ASSOCIATES, LLC, et al., Defendants, MARIC PLUMBING & HEATING, INC., Respondent, and NEW YORK PRE-CAST, INC., et al., Appellants. [912 NYS2d 86]—

In an action to recover damages for personal injuries, etc., the

defendant New York Pre-Cast, Inc., appeals, as limited by its brief, and the defendant New York Steel Fabricators, Inc., separately appeals, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated September 14, 2009, as granted that branch of the motion of the defendant Maric Plumbing & Heating, Inc., which was to restore the action to active status and, thereafter, to the trial calendar.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and that branch of the motion of the defendant Maric Plumbing & Heating, Inc., which was to restore the action to active status and, thereafter, to the trial calendar is denied.

After the plaintiffs settled or discontinued their claims against the appellants, the cross claims asserted by the defendant Maric Plumbing & Heating, Inc. (hereinafter Maric), against the appellants were severed, and the action was permitted to proceed on those cross claims. The action, however, was also marked off the trial calendar during court proceedings on November 13, 2006. Although the note of issue, which had been previously filed, was not vacated at that time, where, as here, an action has been marked off the trial calendar, and more than one year has passed without restoration of the action to the trial calendar, the action shall be deemed abandoned and shall be dismissed (*see* CPLR 3404). A party seeking to vacate such a dismissal and restore such an action to the trial calendar must demonstrate four things: (1) a meritorious cause of action or defense, (2) a reasonable excuse for the delay in prosecuting the action, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the defendant (*see Magnone v Gemm Custom Brokers, Inc.,* 17 AD3d 412 [2005]; *Sheridan v Mid-Island Hosp., Inc.,* 9 AD3d 490 [2004]; *Borrelli v Maye,* 293 AD2d 506 [2002]; *Schwartz v Mandelbaum & Gluck,* 266 AD2d 273 [1999]). All four components must be satisfied before the dismissal can be properly vacated and the action restored to the trial calendar (*see Morgano v Man-Dell Food Stores,* 259 AD2d 679 [1999]).

Here, Maric did not move to restore the action to active status and, thereafter, to the trial calendar until February 24, 2009, more than two years after the action was marked off the trial calendar (*cf. Kohn v Citigroup, Inc.,* 29 AD3d 530, 531-532 [2006]). In making its motion, Maric failed to satisfy any of the requirements set forth above. Maric did not submit an affidavit of merit, failed to provide a reasonable excuse for the delay in moving, failed to sufficiently demonstrate a lack of intent to abandon the action, and failed to demonstrate a lack of prejudice to the opposing parties. Accordingly, the Supreme Court

improvidently exercised its discretion in granting that branch of Maric's motion which was to restore the action to active status and, thereafter, to the trial calendar. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.