■ RAQUEL VIDAL, Appellant, v MARIA RICCIARDI et al., Respondents. (And a Third-Party Action.) [915 NYS2d 630]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), entered May 13, 2009, which denied her motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with one bill costs to the respondents appearing separately and filing separate briefs.

A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Nasuro v PI Assoc., LLC*, 78 AD3d 1030 [2010]; *Mooney v City of New York*, 78 AD3d 795 [2010]; *Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905, 906 [2010]; *Basetti v Nour*, 287 AD2d 126, 131 [2001]). All four components of the test must be satisfied before the dismissal can be properly vacated and the case restored (*see Nasuro v PI Assoc., LLC*, 78 AD3d 1030 [2010]; *Vaream v Corines*, 78 AD3d 933 [2010]).

Here, the plaintiff failed to meet this burden. The plaintiff's contention that she was waiting for the defendants to complete outstanding discovery was inadequate to excuse her delay of more than five years in moving to restore the action after it was automatically dismissed pursuant to CPLR 3404 (*see Karwowski v Wonder Works Constr.*, 73 AD3d 1133 [2010]; *M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C.*, 39 AD3d 819, 820 [2007]; *Jeffs v Janessa, Inc.*, 226 AD2d 504, 505 [1996]). Moreover, during this period of more than five years, the plaintiff engaged in only minimal activity regarding the case, which was insufficient to rebut the presumption of abandonment that attaches when a case has been automatically dismissed (*see Mooney v City of New York*, 78 AD3d 795 [2010]; *Gajek v Hampton Bays Volunteer Ambulance Corps., Inc.*, 77 AD3d 885

[2010]; *Castillo v City of New York*, 6 AD3d 568, 569 [2004]). Furthermore, since the subject accident occurred more than 10 years prior to the date that the plaintiff made her motion, the defendants, under the circumstances of this case, would be prejudiced if the action were restored to the trial calendar (*see Mooney v City of New York*, 78 AD3d 795 [2010]; *Gajek v Hampton Bays Volunteer Ambulance Corps., Inc.*, 77 AD3d 885 [2010]; *Karwowski v Wonder Works Constr.*, 73 AD3d at 1133). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.