■ Sang Seok Na, Appellant, v Greyhound Lines, Inc., et al., Respondents. [931 NYS2d 398]—

A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Vidal v Ricciardi*, 81 AD3d 635 [2011]; *Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905, 906 [2010]; *Strancewilko v Martin*, 50 AD3d 671 [2008]; *Basetti v Nour*, 287 AD2d 126, 131 [2001]).

Here, even though the plaintiff retained new counsel eight months after the action had been automatically dismissed pursuant to CPLR 3404, incoming counsel's explanation, inter alia, that he did not know that a note of issue had been filed and the matter had been stricken from the trial calendar, was not a reasonable excuse for the further two-year-and-two-month delay between the time he was retained and the present motion to vacate the dismissal and to restore the action to the trial calendar (*see Gajek v Hampton Bays Volunteer Ambulance Corps., Inc.*, 77 AD3d 885, 886 [2010]; *Pullem v Town of Babylon*, 253 AD2d 805 [1998]; *Hoenig v Stetefeldt*, 127 AD2d 632 [1987]; *Berger v Colrick*, 20 AD2d 639, 640 [1964]). Furthermore, the plaintiff failed to rebut the presumption of abandonment that attached after the automatic dismissal. Other than minimal activity by prior counsel regarding the case, there was no other activity in the case during the two years and 10 months following its dismissal and the plaintiff's present motion to restore (*see Vaream v Corines*, 78 AD3d 933 [2010]; *Bornstein v Clearview Props., Inc.*, 68 AD3d 1033, 1034 [2009]; *Shah v Carlton Gardens Hous. Co.*, 286 AD2d 432, 433 [2001]; *Fico v Health Ins. Plan of Greater N.Y.*, 248 AD2d 432, 433 [1998]). Moreover, since the subject accident occurred more than nine years prior to the date that the plaintiff made his motion, the defendants, under the circumstances of this case, would be prejudiced if the action were restored to the trial calendar (*see Vidal v Ricciardi*, 81 AD3d at 636; *Gajek v Hampton Bays Volunteer Ambulance Corps., Inc.*, 77 AD3d at 886; *Bornstein v Clearview Props., Inc.*, 68 AD3d at 1035; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 419 [2006]). Accordingly, the plaintiff's motion was properly denied. Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.