■ MICHAEL AGLI, Appellant, v JAMES T. O'CONNOR et al., Respondents. [939 NYS2d 112]—

A case in the Supreme Court marked off or struck from the trial calendar and not restored within one year thereafter shall be deemed abandoned and shall be dismissed for neglect to prosecute (*see* CPLR 3404). Here, it is undisputed that the case was marked off the trial calendar and not restored within one year thereafter (*id.*). A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked off must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Vidal v Ricciardi*, 81 AD3d 635 [2011]; *Nasuro v PI Assoc., LLC*, 78 AD3d 1030, 1031 [2010]; *Mooney v City of New York*, 78 AD3d 795, 796 [2010]). All four components of the test must be satisfied before the dismissal can be properly vacated and the action restored (*see Vidal v Ricciardi*, 81 AD3d 635 [2011]; *Nasuro v PI Assoc., LLC*, 78 AD3d at 1031; *Varem v Corines*, 78 AD3d 933 [2010]).

Here, the plaintiff failed to meet this burden. The plaintiff's unsubstantiated contentions regarding outstanding discovery did not constitute a reasonable excuse for the 18-month delay in

prosecuting the action (*see Vidal v Ricciardi*, 81 AD3d 635 [2011]; *M. Parisi & Son Constr. Co., Inc. v Long Is. Obs/Gyn, P.C.*, 39 AD3d 819, 820 [2007]; *Jeffs v Janessa, Inc.*, 226 AD2d 504, 505 [1996]). Furthermore, the plaintiff engaged only in minimal activity regarding the case during the 18 months that elapsed from the date it was marked off the trial calendar to the date of his motion to restore. This limited activity was insufficient to rebut the presumption of abandonment that attached after the case was automatically dismissed pursuant to CPLR 3404 (*see Okun v Tanners*, 11 NY3d 762, 763 [2008]; *Mooney v City of New York*, 78 AD3d at 796; *Gajek v Hampton Bays Volunteer Ambulance Corps., Inc.*, 77 AD3d 885, 886 [2010]; *Castillo v City of New York*, 6 AD3d 568, 569 [2004]). Moreover, since almost seven years elapsed between the date this action accrued and the date of the plaintiff's motion to restore, the defendants would be prejudiced if the action were restored to the trial calendar (*see Gajek v Hampton Bays Volunteer Ambulance Corps., Inc.*, 77 AD3d at 886; *Kalyuskin v Rudisel*, 306 AD2d 246, 247 [2003]; *McCarthy v Bagner*, 271 AD2d 509, 510 [2000]). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the action pursuant to CPLR 3404 and properly denied the plaintiff's cross motion, in effect, to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar. Eng, J.P., Chambers, Sgroi and Miller, JJ., concur.