■ Timothy L. Fulton, Appellant, v Marathon Dental Services, P.C., et al., Defendants, and Bill B. Akpinar, Respondent. [955 NYS2d 149]—

In an action to recover damages for dental malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 20, 2011, which granted that branch of the motion of the defendant Bill B. Akpinar which was pursuant to CPLR 3404 to dismiss the complaint as abandoned and denied his cross motion for further disclosure, and (2) an order of the same court, also dated May 20, 2011, which granted the motion of the defendant Bill B. Akpinar to quash a subpoena served upon a nonparty witness and for a protective order against further discovery.

Ordered that the orders are affirmed, with one bill of costs.

In this dental malpractice action, the plaintiff filed his note of issue and certificate of readiness in January 2005. On November 7, 2005, the action was stricken from the calendar, but the note of issue was not vacated. Although the plaintiff was granted an extension of time to restore the case to the calendar upon the resolution of an appeal from a prior order, and although that appeal was resolved in February 2007, the plaintiff failed to take any further steps to restore the case to the calendar. In fact, the plaintiff undertook little or no action to prosecute the case during the ensuing four years until the respondent moved, inter alia, to dismiss the complaint as abandoned.

In opposition to the respondent's motion, the plaintiff failed to demonstrate a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the respondent (see Botsas v Grossman, 51 AD3d 617 [2008]; see also Vidal v Ricciardi, 81 AD3d 635 [2011]; Nasuro v PI Assoc., LLC, 78 AD3d 1030 [2010]; Mooney v City of New York, 78 AD3d 795 [2010]; Leinas v Long Is. Jewish Med. Ctr., 72 AD3d 905 [2010]; Basetti v Nour, 287 AD2d 126, 131 [2001]). The plaintiff failed to demonstrate that he had a potentially meritorious cause of action by the submission of an expert's affidavit (see Williams v D'Angelo, 24 AD3d 538 [2005]; Yousian v New York Med. Ctr. Hosp. of Queens, 277 AD2d 449 [2000]), failed to present a reasonable excuse for the delay in prosecuting the case, and failed to rebut the presumption of abandonment (see Sang Seok Na v Greyhound Lines, Inc., 88 AD3d 980 [2011]; LaMarca v Scotto Bros. Woodbury Rest., Inc., 87 AD3d 984 [2011]; Gajek v Hampton Bays Volunteer Ambulance Corps., Inc., 77 AD3d 885

[2010]; *Castillo v City of New York*, 6 AD3d 568 [2004]). In addition, since nearly eight years had passed between the date of the alleged last dental treatment and the date of the respondent's motion to dismiss the complaint, the respondent would be prejudiced if the action were restored to the trial calendar at this late date (*see Agli v O'Connor*, 92 AD3d 815 [2012]; *Sang Seok Na v Greyhound Lines, Inc.*, 88 AD3d at 980; *Gajek v Hampton Bays Volunteer Ambulance Corps., Inc.*, 77 AD3d at 885; *Kalyuskin v Rudisel*, 306 AD2d 246 [2003]; *McCarthy v Bagner*, 271 AD2d 509 [2000]).

Accordingly, the Supreme Court properly granted that branch of the respondent's motion which was to dismiss the complaint as abandoned.

In light of our determination, we need not reach the plaintiff's remaining contentions. Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.