*702 The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
On January 13, 2010, this action was marked “off” the trial calendar because the plaintiff, an infant, and her mother were in Trinidad, and the plaintiffs mother did not have a visa to reenter the United States. On January 18, 2011, the Supreme Court directed the dismissal of the action pursuant to CPLR 3404. In May 2011, the plaintiff moved, inter alia, to restore the action to the trial calendar.
A plaintiff seeking to restore an action to the trial calendar more than one year after it has been marked “off,” and after it has been dismissed pursuant to CPLR 3404, must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (see Vidal v Ricciardi, 81 AD3d 635 [2011]; Nasuro v PI Assoc., LLC, 78 AD3d 1030, 1031 [2010]; Mooney v City of New York, 78 AD3d 795, 796 [2010]; Basetti v Nour, 287 AD2d 126, 131 [2001]). All four components of the test must be satisfied before the dismissal can be properly vacated and the case restored (see Nasuro v PI Assoc., LLC, 78 AD3d at 1031; Vaream v Corines, 78 AD3d 933 [2010]).
Here, the plaintiff failed to demonstrate a reasonable excuse for her delay in moving to restore the action to the trial calendar. At the time that the plaintiff’s attorney moved to restore, the plaintiff and her mother were in Trinidad, and a physical examination of the plaintiff by the doctor retained by the defendant Dr. Fretwell remained outstanding. While the plaintiffs attorney moved to appoint a guardian ad litem, that motion was not made returnable until after the case was deemed abandoned, despite the fact that the motion could have been made any time after the action was stricken from the trial calendar. Indeed, the plaintiffs mother, whose travel visa had expired on June 28, 2009, knew that her application for a new visa to re-enter the United States had been denied in April 2010. Thus, the plaintiff should have made herself available for a physical examination before the case was deemed abandoned (see Jeffs v Janessa, Inc., 226 AD2d 504, 504-505 [1996]). In addition, the plaintiff was not ready for trial when she moved, inter alia, to restore the action to the trial calendar.
*703 Furthermore, the plaintiff engaged in minimal activity regarding the action during the almost 16-month period that elapsed from the date it was marked off the trial calendar to the date of her motion to restore. The voluntary discontinuance of the action against certain defendants and the filing of a motion to appoint a guardian ad litem were insufficient to rebut the presumption of abandonment that attached after the action was dismissed on January 18, 2011 (see Okun v Tanners, 11 NY3d 762, 763 [2008]; Agli v O’Connor, 92 AD3d 815, 816 [2012]; Mooney v City of New York, 78 AD3d at 796; Fico v Health Ins. Plan of Greater N.Y., 248 AD2d 432, 433 [1998]). Moreover, since more than 10 years elapsed between the date when the plaintiff’s causes of action accrued and the date when the plaintiff moved to restore, the respondents would be prejudiced if the action were to be restored to the trial calendar (see Vidal v Ricciardi, 81 AD3d at 636; Vaream v Corines, 78 AD3d at 934; Krichmar v Queens Med. Imaging, P.C., 26 AD3d 417, 419 [2006]). Accordingly, the Supreme Court properly denied the plaintiffs motion, inter alia, to vacate the order directing the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.
The plaintiffs remaining contention has been rendered academic by our determination. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.