In an action for the partition and sale of real property, the defendants appeal from an order of the Supreme Court, Queens County (Butler, J.), dated August 21, 2012, which granted the plaintiffs motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar.
Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs motion, in effect, to vacate the dismissal of the action pursuant to CPLR 3404 and to restore the action to the trial calendar is denied.
On May 15, 2006, one day before this action was scheduled for trial, the parties entered into a stipulation to remove the case from the trial calendar, with the understanding that if the action was not discontinued on or before July 31, 2006, either the plaintiff or the defendants could restore it to the trial calendar without any further note of issue. The plaintiff moved to restore the action in April 2012, and the Supreme Court granted the motion.
Contrary to the plaintiff’s contention, the record does not reflect that the parties agreed to strike the note of issue and to restore the action to pre-note of issue status (cf. Gorski v St. John’s Episcopal Hosp., 36 AD3d 757, 757 [2007]). Furthermore, there was no order vacating the note of issue pursuant to the *709 Uniform Rules for the New York State Trial Courts (see 22 NYCRR 202.21 [e]; Soo Ji Kim v Seney, 91 AD3d 941, 942 [2012]). Accordingly, the Supreme Court erred in holding that the action was returned to pre-note status. Rather, it was “marked ‘off ” the trial calendar pursuant to CPLR 3404.
Where, as here, an action has been marked “off’ the trial calendar, and more than one year has passed without its restoration to the trial calendar, the action shall be deemed abandoned and shall be dismissed (see CPLR 3404). A plaintiff subsequently seeking to restore an action to the trial calendar must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (see Sierra R. v Jamaica Hosp. Med. Ctr., 101 AD3d 701, 702 [2012]; Vidal v Ricciardi, 81 AD3d 635, 635 [2011]; Nasuro v PI Assoc., LLC, 78 AD3d 1030, 1031 [2010]).
Although the stipulation to restore this action provides some indication that the plaintiff did not intend to abandon it when it was first marked “off,” and there was sporadic activity over the period, in excess of five years, between the automatic dismissal and the motion to restore the action to the trial calendar, the plaintiff failed to rebut the presumption of abandonment that attaches when a matter has been automatically dismissed pursuant to CPLR 3404 (see Krichmar v Queens Med. Imaging, PC., 26 AD3d 417, 419 [2006]; Dalto v 3660 Park Wantagh Owners, 275 AD2d 296, 297 [2000]; Schwartz v Mandelbaum & Gluck, 266 AD2d 273, 275 [1999]; Kopilas v Peterson, 206 AD2d 460, 461 [1994]). Notably, the stipulation contemplated that the plaintiff would seek restoration some time in August 2006, within a few months after the action was marked off the calendar in May 2006. However, the plaintiff did not seek restoration until almost five years after the action was dismissed (see Sang Seok Na v Greyhound Lines, Inc., 88 AD3d 980, 981 [2011]). In any event, the plaintiff failed to demonstrate a reasonable excuse for the delay in prosecuting the action (see id.; Aleshin v City of Long Beach, 147 AD2d 604 [1989]), or to submit any proof of a potentially meritorious cause of action (see Nasuro v PI Assoc., LLC, 78 AD3d at 1031; Stewart v Tapps Supermarket, 289 AD2d 561, 561 [2001]; Basetti v Nour, 287 AD2d 126, 131 [2001]).
Accordingly, the plaintiffs motion, in effect, to vacate the dismissal and to restore the action to the trial calendar should have been denied (see Nasuro v PI Assoc., LLC, 78 AD3d at 1031-1032). Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.