■ U. Joon Sung, Appellant, v Feng Ue Jin, Defendant, and Thomas Hoffman et al., Respondents. [6 NYS3d 551]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss J.), entered September 25, 2013, which denied his motion to vacate a prior order of the same court entered February 22, 2013, granting that branch of the motion of the defendants Thomas Hoffman and William W. Bennewitz which was pursuant to CPLR 3404 to dismiss the complaint for failure to prosecute, upon his failure to oppose the motion, and to restore the action to the trial calendar.

Ordered that the order entered September 25, 2013, is affirmed, with costs.

To vacate the order entered upon the appellant's failure to oppose the respondents' motion, inter alia, pursuant to CPLR 3404 to dismiss the complaint as abandoned, the appellant was required to demonstrate a reasonable excuse for his default in opposing the motion and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1079 [2012]; *Thapt v Lutheran Med. Ctr.*, 89 AD3d 837 [2011]; *Castle v Avanti, Ltd.*, 86 AD3d 531 [2011]). Even if the appellant proffered a reasonable excuse for his default (*see Hogan v Schwartz*, 119 AD3d 650, 652 [2014]; *Martin v Siegenfeld*, 70 AD3d 786, 787 [2010]; *Efstathiou v Cuzco, LLC*, 51 AD3d 712 [2008]), he failed to demonstrate a potentially meritorious opposition to that branch of the respondents' motion which was pursuant to CPLR 3404 to dismiss the complaint. In addition, the appellant failed to demonstrate a reasonable excuse for the 21-month delay in prosecuting this action after the action was marked off the trial calendar and to rebut the presumption of abandonment that arose pursuant to CPLR 3404 after it was marked off the trial calendar (*see Okun v Tanners*, 11 NY3d 762, 763 [2008]; *Agli v O'Connor*, 92 AD3d 815, 815-816 [2012]; *Vidal v Ricciardi*, 81 AD3d 635 [2011]; *Gajek v Hampton Bays Volunteer Ambulance Corps., Inc.*, 77 AD3d 885, 886 [2010]). Furthermore, the appellant failed to demonstrate that the respondents would not be prejudiced if the case were restored to the trial calendar, given the more than four-year delay between the date this action accrued and the date of the appellant's motion (*see Agli v O'Connor*, 92 AD3d at 816; *Kalyuskin v Rudisel*, 306 AD2d 246, 247 [2003]; *Tate v Peninsula Hosp. Ctr.*, 255 AD2d 503, 504 [1998]). Accordingly, the Supreme Court properly denied the appellant's motion to vacate the order entered February 22, 2013, and to restore the action to the trial calendar. Skelos, J.P., Sgroi, Maltese and Duffy, JJ., concur.