■ Renhe Zhang, Appellant, v Gerald W. Purcell Associates, Ltd., et al., Respondents, et al., Defendants. [12 NYS3d 562]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 28, 2013, which denied her motion to restore the action to the trial calendar.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract. An order of the Supreme Court, Queens County, dated May 18, 2006, directed the dismissal of the action as against all defendants, pursuant to CPLR 3211 (a) (8), for lack of personal jurisdiction. The plaintiff thereafter filed a motion seeking to restore the action to the trial calendar.

The Supreme Court properly denied the plaintiff's motion. While such a motion is appropriate where an action is marked off or struck from the trial calendar and then dismissed pursuant to CPLR 3404 for neglect to prosecute (see e.g. *Agli v O'Connor*, 92 AD3d 815 [2012]), the present action was directed to be dismissed against the defendants pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. Thus, the action could not be "restored" by way of a motion. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.