■ ROSELLA SALATINO, Respondent, v DOMINIC ANTHONY POMPA, M.D., Appellant. [20 NYS3d 594]—

In an action to recover damages for medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated July 2, 2014, as denied that branch of his motion which was pursuant to CPLR 3404 to dismiss the complaint as abandoned.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3404 to dismiss the complaint as abandoned is granted.

This case was marked off the trial calendar by an order of the Supreme Court dated May 21, 2012. Under CPLR 3404, a case not restored within a year after being marked off the trial calendar is deemed abandoned and automatically dismissed for neglect to prosecute. After the plaintiff undertook little or no action to prosecute the case during the ensuing two years after

it was marked off the calendar, the defendant moved, inter alia, to dismiss the complaint as abandoned.

To successfully oppose the defendant's motion, the plaintiff was required to demonstrate a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (*see Fulton v Marathon Dental Servs., P.C.*, 100 AD3d 959 [2012]; *Botsas v Grossman*, 51 AD3d 617 [2008]; *see also Basetti v Nour*, 287 AD2d 126, 131 [2001]). The plaintiff failed to submit an expert's affidavit stating with specificity the acceptable standard of medical care and the defendant's alleged deviations therefrom so as to demonstrate that she has a potentially meritorious cause of action to recover damages for medical malpractice (*see Fulton v Marathon Dental Servs., P.C.*, 100 AD3d 959 [2012]; *Williams v D'Angelo*, 24 AD3d 538 [2005]; *Yousian v New York Med. Ctr. Hosp. of Queens*, 277 AD2d 449 [2000]; *Nepomniaschi v Goldstein*, 182 AD2d 743, 743-744 [1992]). Furthermore, the asserted extreme illness of the plaintiff was not a reasonable excuse for her delay in prosecuting the action because the plaintiff submitted no medical evidence or an affidavit to support her claim (*see Aguilar v Djonvic*, 282 AD2d 366, 367 [2001]; *Advanced Ortho-Tech. v Orthospec, Inc.*, 203 AD2d 218 [1994]; *Horn v Schenck Transp. Co.*, 65 AD2d 589, 590 [1978]). Moreover, under the circumstances of this case, the plaintiff failed to rebut the presumption of abandonment that attaches when a case has been automatically dismissed pursuant to CPLR 3404 (*see Leinas v Long Is. Jewish Med. Ctr.*, 72 AD3d 905, 906 [2010]; *Krichmar v Queens Med. Imaging, P.C.*, 26 AD3d 417, 419 [2006]; *Kalyuskin v Rudisel*, 306 AD2d 246, 247 [2003]). In addition, the plaintiff failed to demonstrate that the defendant will not be prejudiced due to the lapse of over 12 years between the last date of treatment and the date of the defendant's motion (*see Fulton v Marathon Dental Servs., P.C.*, 100 AD3d at 960; *Agli v O'Connor*, 92 AD3d 815, 816 [2012]; *Sang Seok Na v Greyhound Lines, Inc.*, 88 AD3d 980 [2011]). Accordingly, that branch of the defendant's motion which was pursuant to CPLR 3404 to dismiss the complaint should have been granted.

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or based on matter dehors the record (*see Washington Mut. Bank v Schenk*, 112 AD3d 615, 617 [2013]). Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.