U Joon Sung v Park (2020 NY Slip Op 01571)





U Joon Sung v Park


2020 NY Slip Op 01571


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11220 159279/15

[*1] U Joon Sung, Plaintiff-Appellant,
v
Andrew I. Park, Esq., et al., Defendants-Respondents, Junghyun Choi, Esq., Defendant.


Walia & Walia, PLLC, Flushing (Bobby Walia of counsel), for appellant.
Robert Alan Saasto, Woodbury, for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered January 14, 2019, which denied plaintiff's motion for summary judgment as against defendants Andrew I. Park, Sim & Park LLP and Andrew Park, P.C. on the issue of liability, unanimously affirmed, without costs.
In this legal malpractice action, plaintiff failed to establish prima facie that, but for defendants' alleged negligence in representing him in the underlying personal injury action, he would have prevailed in that action (see Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). The personal injury action, which alleged, as pertinent here, that plaintiff sustained economic loss greater than "basic economic loss" in a motor vehicle accident (see CPLR 5014[a]; 5012[a], [d]), was dismissed as abandoned pursuant to CPLR 3404, and plaintiff's motion to vacate the dismissal was denied (U. Joon Sung v Feng Ue Jin, 127 AD3d 740 [2d Dept 2015]). However, in this action, plaintiff failed to prove as a matter of law that he sustained in excess of $50,000 in economic loss as related to the accident. While plaintiff claims he left the Marine Reserves due to the injuries he sustained, plaintiff testified that there were no physical requirements to his position and that he was able to perform all of his duties. Thus, his experts' report estimating that he suffered economic loss in excess of $50,000 based on his remaining a Marine reservist for 20 or 30 years is speculative, as it relies on assumptions, rather than proven facts.
Plaintiff having failed to make his prima facie showing, we need not consider the sufficiency of defendants' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK