Patriarca v Oreckinto (2020 NY Slip Op 03795)





Patriarca v Oreckinto


2020 NY Slip Op 03795


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-00834
 (Index No. 1010482/09)

[*1]Almerindo Patriarca, appellant, 
v
Kevin Oreckinto, respondent.


Bisogno & Myerson, LLP (The Law Office of Judah Z. Cohen, PLLC, Woodmere, NY, of counsel), for appellant.
Sgarlato & Sgarlato, PLLC, Staten Island, NY (Gina M. Sgarlato of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated November 29, 2018. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3404 to restore the action to the trial calendar.
ORDERED that the order is affirmed insofar as appealed from, with costs.
A case in the Supreme Court marked off or struck from the trial calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed for neglect to prosecute (see CPLR 3404). Here, contrary to the plaintiff's contention, the action was marked dismissed due to the parties' failure to appear for a court appearance and was thus subject to the provisions of CPLR 3404.
A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked off must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (see Saint Mary Byzantine Catholic Church v Kalin, 110 AD3d 708, 709). All four components of the test must be satisfied before the dismissal can be properly vacated and the action restored (see Nasuro v PI Assoc., LLC, 78 AD3d 1030, 1031).
We agree with the Supreme Court's determination denying the plaintiff's motion to restore. The plaintiff's contention that he believed the matter was stayed pending an interlocutory appeal was inadequate to excuse his 15-month delay in moving to restore the action (see U. Joon Sung v Feng Ue Jin, 127 AD3d 740, 741). Furthermore, the plaintiff engaged in only minimal activity regarding the case during the 15 months that elapsed from the date the action was marked off the trial calendar to the date the plaintiff moved to restore the action. This limited activity was insufficient to rebut the presumption of abandonment that attached pursuant to CPLR 3404 (see Agli v O'Connor, 92 AD3d 815, 816).
In light of the foregoing, the parties' remaining contentions need not be addressed.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court