Sang Seok Na v Pulvers, Pulvers & Thompson, LLP (2024 NY Slip Op 00978)

Sang Seok Na v Pulvers, Pulvers & Thompson, LLP

2024 NY Slip Op 00978

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Singh, J.P., Friedman, González, Higgitt, Michael, JJ. 

Index No. 101464/19 Appeal No. 1766 Case No. 2022-05392 

[*1]Sang Seok Na, Plaintiff-Appellant,
v
Pulvers, Pulvers & Thompson, LLP et al., Defendants-Respondents.

Sang Seok Na, appellant pro se.
Pulvers Pulvers & Thompson LLP, New York (Stacy L. Thompson of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered July 6, 2022, which granted defendants' CPLR 3211 motion to dismiss, denied plaintiff's motion for default judgment as moot, and denied plaintiff's motion to strike defendants' motion to dismiss and to amend the complaint, unanimously affirmed, without costs.
Initially, many of plaintiff's arguments are not reviewable by this Court as they either arise from Queens County Supreme Court orders that are not the subject of the instant notice of appeal (CPLR 5501[c]) or claims that were previously presented to, and decided by, the Appellate Division, Second Department (Sang Seok Na v Schietroma, 172 AD3d 1263, 1263 [2d Dept 2019]; Sang Seok NA v Schietroma, 163 AD3d 597, 597 [2d Dept 2018]; Sang Seok Na v Greyhound Lines, Inc., 88 AD3d 980, 981 [2d Dept 2011]; see Delgado v City of New York, 144 AD3d 46, 51 [1st Dept 2016]).
To the extent his claims are reviewable and are based on the order on appeal, we conclude that Supreme Court properly granted defendants' motion to dismiss because the record establishes that the statute of limitations on plaintiff's legal malpractice claim expired on April 1, 2018, and plaintiff did not initiate the instant action until, at minimum, September 25, 2019 (see CPLR 214[6]; Sharp v Ferrante Law Firm, 220 AD3d 587, 587-588 [1st Dept 2023]).
Supreme Court also properly found that plaintiff failed to sufficiently plead a claim of fraud where plaintiff's complaint was incomprehensible, conclusory, and unsupported by any admissible evidence (see Cronos Group Ltd. v XcomIP LLC, 156
AD3d 54, 61-62 [1st Dept 2017]).
Plaintiff's contention that his motion for default judgment was improperly denied is unavailing. Plaintiff fails to elaborate on his claim that the court committed fraud in denying the motion, and the record does not support his contention. Plaintiff also fails to articulate any basis to reverse the court's denial of his motion to strike defendants' motion to dismiss.
We have reviewed plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024