Watch Empire Inc. v Five Boro Holding, LLC (2024 NY Slip Op 51390(U))

[*1]

Watch Empire Inc. v Five Boro Holding, LLC

2024 NY Slip Op 51390(U)

Decided on October 9, 2024

Civil Court Of The City Of New York, Kings County

Waterman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 9, 2024
Civil Court of the City of New York, Kings County

Watch Empire Inc. DBA ACE WATCHES, Plaintiff(s),

against
Five Boro Holding, LLC, Defendant(s).

Index No. CV-014658-19/KI

Counsel for Plaintiff Smith Carroad Levy Wan & Parikh, P.C. and Counsel for Defendant law firm of Danielle N. Grzan Esq. P.C.

Lola Waterman, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1, 2
Answering Affidavits/ Affirmations 3 (Exh. A-E)
Reply Affidavits/ Affirmations 4
Memoranda of Law
Other
Upon the foregoing cited papers, and after oral arguments on October 9, 2024, the Decision/Order on the Plaintiff's motion to restore the case to the active calendar and vacate the administrative dismissal, as well as for default judgment, is GRANTED in part and DENIED in part for the following reasons:
This matter began with a Summons and Complaint filed on or about July 10, 2019, for failure to pay for goods delivered by Plaintiff to Defendant. After several attempts to enforce a default judgment against Defendant, Plaintiff learned the matter was dismissed by the court via administrative order on August 11, 2023.
 PLAINTIFF'S MOTION TO RESTORE AND FOR DEFAULT JUDGMENT
On or about May 30, 2024, Plaintiff filed this motion to restore the case to the active calendar, vacate a prior administrative dismissal, and for default judgment against Defendant. In its papers, Plaintiff argues law office failure as a reasonable excuse in failing to diary the matter due to displaced staff in its counsel's law office. Plaintiff argues meritorious claim in seeking reimbursement for unpaid merchandise that was delivered and invoiced to Defendant. In oral argument, Plaintiff argues primarily that the COVID-19 pandemic, along with court backlog, were the main reasons for the delay in prosecuting this action. Plaintiff maintained that service is proper on Defendant who failed to answer. Plaintiff mentioned that settlement negotiations were had with Defendant, and they were aware of the proceedings prior to this motion being brought. Plaintiff brought this motion after he was notified by the court that the matter had been administratively dismissed during one of Plaintiff's many inquiries to the court to check if the [*2]judgment application was finalized yet.[FN1]

DEFENDANT'S OPPOSITION
On or about August 19, 2024, Defendant opposed the motion alleging that Plaintiff's cause of action was properly dismissed due to extensive delays in prosecuting the action and that Defendant was never served as service was done via the Secretary of State. Moreover, Defendant disputes the alleged invoices for goods purportedly delivered were valid. Defendant further argues that Plaintiff is no longer a valid entity and cannot initiate this lawsuit for contract disputes. Defendant submits that it would be prejudiced in being required to defend this action years after it was filed due to the delays and inability to obtain evidence or witnesses now. Defendant asks for sanctions and attorney's fees and costs due to Plaintiff's bad conduct in prosecuting this action and bringing this motion. 

PLAINTIFF'S REPLY
Plaintiff filed a Reply that reiterates that service on Defendant was proper via the Secretary of State and that Defendants were aware of the matter because settlement negotiations were being had as early as April 5, 2019, to around July 2019, and an agreement was tentatively reached but ultimately fell through resulting in the commencement of this action. Plaintiff maintains that Defendant disputes the wrong invoices and the invoices that are the subject of this action are indeed valid. Plaintiff reiterates it has satisfied the requirements to restore the case to the active calendar and for default judgment. Plaintiff mentions Defendant's claim for sanctions is inappropriate given the lack of willful and contumacious conduct on Plaintiff's part. Plaintiff submits that the three-year statute of limitations for the sale of goods in New York has not expired as the alleged default occurred on June 9, 2016, and the matter was filed just one month shy of three years.

LEGAL STANDARD
CPLR Section 3404 provides the legal standard to restore a case to the calendar. "A party seeking to vacate such a dismissal and restore such an action to the trial calendar must demonstrate four things: (1) a meritorious cause of action or defense, (2) a reasonable excuse for the delay in prosecuting the action, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the defendant . . . . All four components must be satisfied before the dismissal can be properly vacated and the action restored to the trial calendar." Nasuro v PI Assoc., LLC, 78 AD3d 1030 (2nd Dept., 2010).
CPLR § 3215 provides the standard for default judgment and CPLR § 3215(c) provides that a default judgment must be entered in one year or the matter is deemed abandoned. "On a motion for leave to enter a default judgment pursuant to CPLR § 3215, a plaintiff is required to file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default (CPLR § 3215(f)). If the defendant is a domestic corporation and was originally served with the summons and complaint by personal delivery to the Secretary of State (Business Corporation Law § 306(b)), a plaintiff is also required to serve the defendant a second time, by first-class mail at its last known address (CPLR § 3215(g)(4)(i))." Fried v. Jacob Holding, Inc., 110 AD3d 56 (2nd Dept., 2013).

ANALYSIS AND DISCUSSION
The court finds Plaintiff adequately proved a prima facie case to restore the case to the active calendar. Under the circumstances in this matter, the court finds that Plaintiff has proven a meritorious cause of action in a valid contract dispute with defendant over the validity of unpaid invoices for merchandise delivered and received. The court further finds that Plaintiff had reasonable excuse for the delay due to the court closures because of the COVID-19 pandemic and the allegations of law office failure. The court further finds that Plaintiff has demonstrated a lack of intent to abandon the action in diligently following up with the court regarding its default judgment, even during the pandemic closure and court backlog. Despite Defendant's assertions, the court finds that there is lack of prejudice to the Defendant because the burden of proof is on Plaintiff to present sufficient evidence to establish its cause of action and Defendant is entitled to the full activity of discovery if and when issue is joined in this case. Therefore, the matter should be restored to the active calendar and the administrative order of dismissal vacated.
The court finds Plaintiff failed to prove a prima facie case for default judgment. The court finds that Plaintiff properly served Defendant with the summons and complaint via service on the Secretary of State by satisfying the requirements of Business Corporation Law Section 306(b). Moreover, the court finds Defendant's application for default judgment was timely filed within one year. However, while service of the summons and complaint and facts constituting the claim appear to have been met, the issue of defendant's default is unclear given the history of settlement negotiations before and after the complaint was filed, as well as the policy of the courts to adjudicate matters on the merits. It is well-settled law that "a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense." Fried v. Jacob Holding, Inc., 110 AD3d 56, 57 (2nd Dept., 2013); CPLR § 5015(a)(1). "Whether a proffered excuse is "reasonable" is a sui generis determination to be made by a court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits." Id. Here, the court finds that for the aforementioned reasons there was no willfulness, that Defendant offered a reasonable excuse for the delay, and there is no prejudice to Plaintiff. Therefore, there is no basis to grant default judgment in favor of Plaintiff.

CONCLUSION
Accordingly, Plaintiff's motion is granted in part to the extent of vacating the administrative order of dismissal, dated August 11, 2023, and restoring the matter to the active calendar and denied as to default judgment. The matter is to be restored to the calendar forthwith.
This constitutes the decision and order of the court.
Date: October 9, 2024
Hon. Lola Waterman
Civil Court Judge (NYC)

Footnotes

Footnote 1:The court records show Plaintiff's judgment application was filed on or about February 17, 2021. Plaintiff's reply states proposed judgment was submitted to the court on December 12, 2019.