■ KAREN TERRIO, as Mother and Natural Guardian of NICHOLE L. TERRIO, an Infant, Respondent, v JAMES DAGGETT, Defendant, and GEORGE FERRIS et al., Appellants. [617 NYS2d 585] —White, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 8, 1994 in Washington County, which denied a motion by defendants George Ferris and Virginia Ferris for summary judgment dismissing the complaint against them.

Plaintiff's complaint in this personal injury action alleges that, on February 16, 1993, Nichole L. Terrio, while on premises known as 40 Lower Wright Road in the Town of Fort Edward, Washington County, was bitten by a dog owned by defendant James Daggett and harbored at 5 James Street in the Village of Hudson Falls, Washington County, which premises are owned by defendants George Ferris and Virginia Ferris (hereinafter collectively referred to as defendants). Following service of their answer, defendants moved for summary judgment dismissing the complaint as to them. Supreme Court denied the motion. Defendants appeal.

We reverse. Initially, in view of the complaint's allegation that the incident did not occur on defendants' property, we note that they did not owe a duty of care to Terrio *(see, Strunk v Zoltanski,* 62 NY2d 572, 574; *Scurti v City of New York,* 40 NY2d 433, 437). We further note that this factor negates plaintiff's argument that defendants' motion is premature since no amount of discovery can obviate the fact that the incident did not occur on their property. In any event, plaintiff did not sufficiently controvert defendants' proof showing that they did not have actual or constructive knowledge of the dog's "vicious tendencies" *(see, Wilson v Bruce,* 198 AD2d 664, *lv denied* 83 NY2d 752; *Smrtic v Marshall,* 176 AD2d 986).

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants George Ferris and Virginia Ferris, and complaint dismissed against them.

■ UNITED STATES FIDELITY & GUARANTY COMPANY, Respon-