posit boxes to its customers is a bailee, and may be presumed negligent for the failure to return property entrusted to its care. However, even assuming that the presumption of negligence was not obviated by the parties' agreement (*see, Veihelmann v Manufacturers Safe Deposit Co.,* 303 NY 526; *cf., Uribe v Merchants Bank,* 91 NY2d 336), we find that the Bank's evidentiary submissions were sufficient to overcome the presumption. The Bank's submissions established that three customers had full access rights to the subject safe deposit box, that the box could not be opened without a customer key, that there was no sign of forced entry into the box, and that the Bank followed procedures designed to prevent unauthorized access, which included verifying customer signatures prior to permitting entry into the safe deposit vault. Accordingly, the Bank established its entitlement to judgment as a matter of law. Since the plaintiffs failed to raise a material issue of fact, the Supreme Court properly granted the Bank's motion for summary judgment dismissing the complaint (*see, Sun Yau Ko v Lincoln Sav. Bank,* 99 AD2d 943, *affd* 62 NY2d 938; *cf., Veihelmann v Manufacturers Safe Deposit Co., supra*). Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.

■ SUSAN HECHT, Respondent, v BASS RESTAURANT, INC., et al., Defendants, and DINA BASS et al., Appellants. [700 NYS2d 198] —In an action to recover damages for personal injuries, the defendants Dina Bass, Northgate Elec. Corp., Northgate Electric Corp., and Northgate Electric appeal from (1) an order of the Supreme Court, Nassau County (Feuerstein, J.), dated September 3, 1997, which denied the cross motion of all of the appellants except Northgate Electric to vacate their default in appearing and answering, and (2) an order of the same court, dated August 31, 1998, which denied their motion, denominated one to renew, but which was in actuality one for reargument.

Ordered that the appeal from the order dated August 31, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal by Northgate Electric is dismissed, as it is not aggrieved by the order dated September 3, 1997 (*see,* CPLR 5511); and it is further,

Ordered that on the appeal of Dina Bass, Northgate Elec. Corp., and Northgate Electric Corp. the order dated September 3, 1997, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court properly exercised its discretion in denying that branch of the cross motion which was to vacate the

default of the appellant Dina Bass in appearing and answering. The plaintiff served Bass by substituted service of the summons and complaint upon a co-worker at her place of business and by mailing a copy of the summons and complaint to the same address (see, CPLR 308 [2]). Bass failed to establish that she did not receive actual notice of the action in time to defend, a reasonable excuse for the default, or a meritorious defense. Thus, regardless of whether her motion was deemed made pursuant to CPLR 317 or 5015, it was properly denied (see, Eugene DiLorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138; Fleetwood Park Corp. v Jerrick Waterproofing Co., 203 AD2d 238; Harbert Offset Corp. v Bowery Sav. Bank, 174 AD2d 650; Schiller v Sun Rock Bldg. Corp., 260 AD2d 566).

Moreover, the plaintiff obtained jurisdiction over the corporate appellants by delivery of the summons and complaint to a managing agent at their business address (see, CPLR 311 [1]) and by service upon the Secretary of State (see, Business Corporation Law § 306). The corporate appellants failed to demonstrate either a reasonable excuse for their default or a meritorious defense, and thus are not entitled to vacatur of their default (see, Harbert Offset Corp. v Bowery Sav. Bank, supra). Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.