■ JOHN PHILLIPS, Respondent, v COFFEE TO GO., INC., Appellant, et al., Defendant. [703 NYS2d 13] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about May 11, 1999, denying defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff was bitten by defendant Waxman's dog at a location

outside the fencing around the defendant restaurant's outdoor seating area. In order to impose liability on the premises owner, plaintiff "must establish that the defendant knew of the dog's presence on the premises and its vicious propensities, and that the defendant had control of the premises or otherwise had the ability to remove or confine the dog" (*Pringle v New York City Hous. Auth.*, 260 AD2d 623). Ordinarily, property owners owe no responsibility to persons outside the premises, on which basis we have granted summary judgment in favor of the owner dismissing the complaint of a dog-bite victim (*Shen v Kornienko*, 253 AD2d 396), and dismissing the complaint of a patron who was tripped by a dog tethered outside the guardrail of a restaurant's sidewalk seating area (*Darnovsky v Unusual Rest.*, 221 AD2d 151), especially insofar as a restaurant's special use of a sidewalk area does not extend beyond the guardrail (*MacLeod v Pete's Tavern*, 87 NY2d 912). Although Waxman indicates that his dog was tethered to a lamp post 15 feet outside the fence, even plaintiff's own EBT testimony, which we accept for purposes of the motion, makes clear that plaintiff was not on defendant restaurant's premises at the time of this incident. Moreover, plaintiff's evidence that the dog growled and bared its teeth some 10 minutes before is not an adequate basis to infer that the restaurant was on notice of the dog's vicious propensities (*Gill v Welch*, 136 AD2d 940; *compare, Fontecchio v Esposito*, 108 AD2d 780 [dog growled, lunged at people, and previously chased a mailman, biting his pouch, until pulled away by owner]). Accordingly, the claim against the restaurant cannot be sustained. Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.