■ Moses Foster et al., Respondents, v Celestine R. Jordan, Appellant, et al., Defendant. [703 NYS2d 23] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about September 14, 1998, denying defendant Celestine R. Jordan's motion to vacate a prior order, dated April 7, 1998, which granted a default judgment against her and set the matter down for inquest, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs or disbursements, the motion granted and the default judgment vacated on condition that Jordan pay plaintiff $500 in costs within 30 days of the date of this order. If said condition is not met, the order is affirmed. Said defendant is directed to answer the complaint within 30 days of the date of this order.

This action arises out of an alleged April 20, 1995 dog-bite incident that occurred "near and/or about" premises known as 1435 Needham Avenue in the Bronx. Allegedly, Donovan Cunningham, a co-defendant who owned and controlled the dog, resided at premises known as 1426 Needham Avenue, owned by defendant Jordan.

In support of the motion to vacate her default, defendant Jordan denied any knowledge of Cunningham or a dog, "vicious" or otherwise, owned by him and being harbored in the 1426 Needham Avenue premises. Jordan also argues that plaintiff never obtained personal jurisdiction over her because the service employed here—by delivery of the summons and complaint to her daughter, "a person of suitable age and discretion", at 4231 Boyd Avenue, Bronx—failed to satisfy the requirements of CPLR 308 (2) since Jordan was, at the time, a resident of Virginia, where she had moved prior to May 15, 1997, the day of the alleged service. Jordan also stated that her daughter denied having ever been served. No affidavit attesting to that fact, however, was submitted by the daughter. The IAS Court, rejecting Jordan's jurisdictional claims as conclusory, found that Jordan was properly served pursuant to CPLR 308 (2) at the Boyd Avenue address and that there was no reasonable excuse for her failure to interpose a timely answer. We agree that the jurisdictional claim is conclusory and does not warrant a hearing. Since this is a case of questionable liability, we believe that, in the circumstances, Jordan should be permitted to interpose an answer, as indicated.

Review of the record indicates that at the time of service Jordan owned the 4231 Boyd Avenue premises, had a valid New York driver's license listing, as her residence, that address, and that her utility bills for the 1426 Needham Avenue premises were forwarded to the Boyd Avenue address. Significantly absent is an affidavit from Jordan's daughter denying service of process on her or stating that the 4231 Boyd Avenue address was not Jordan's residence. Jordan's own self-serving conclusory statements and hearsay will not suffice.

Jordan has, however, stated meritorious defenses, i.e., that she had no knowledge that a dog was harbored on her premises, that there is no allegation that the dog ever exhibited any vicious propensities (*see, Strunk v Zoltanski*, 62 NY2d 572, 575; *Carter v Metro N. Assocs.*, 255 AD2d 251) and that she is not liable to passersby injured away from her premises (*see, Shen v Kornienko*, 253 AD2d 396). In addition, service upon Jordan was by other than personal service. Since we credit Jordan's uncontradicted statement that her first notice of this matter was when she received in the mail a copy of plaintiffs' notice of motion and motion for a default judgment, she has thus established that she did not personally receive notice of the summons in time to defend (CPLR 317). This, coupled with the meritorious defenses, entitles Jordan, pursuant to CPLR 317, to vacatur of the default judgment upon satisfaction of the condition imposed. (*See, Larman v Russel*, 240 AD2d 473, 474; *see also, Union Indem. Ins. Co. v 10-01 50th Ave. Realty Corp.*, 102 AD2d 727.) Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.