■ CASSANDRA BRAITHWAITE, Appellant, v PRESIDENTIAL PROPERTY SERVICES, INC., et al., Respondents, et al., Defendant. [806 NYS2d 681]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Cammer, J.), dated January 10, 2002, as granted that branch of the motion of the defendants Presidential Property Services, Inc., and Fairfield Towers Housing Corp. which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced the instant action to recover damages for personal injuries allegedly sustained by her when she was bitten by a dog owned by the defendant Valerie Coleman. Both the plaintiff and Coleman reside in a building owned by the defendant Fairfield Towers Housing Corp., and operated by the defendant Presidential Property Services, Inc. (hereinafter collectively the defendant landlords). The Supreme Court properly granted that branch of the motion of the defendant landlords which was for summary judgment dismissing the complaint insofar as asserted against them. The defendant landlords established their prima facie entitlement to judgment as a matter of law, and in opposition, the plaintiff failed to raise a triable issue of fact. It is undisputed that the subject dog bite incident did not occur on the defendant landlords' property. Thus, the defendant landlords are not liable to the plaintiff (see Weipert v Oldfield, 298 AD2d 974 [2002]; Phillips v Coffee To Go, 269 AD2d 123, 124 [2000]; Shen v Kornienko, 253 AD2d 396 [1998]; Terrio v Daggett, 208 AD2d 1163 [1994]). Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.