■ MILADY GOMEZ, Respondent, v KILSY DELACRUZ, Defendant, and REUVEN HOLDING, LTD., Appellant. [810 NYS2d 179]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered on or about October 21, 2005, which denied defendant Reuven Holding's motion to vacate the default judgment entered against it on August 27, 2004, or alternatively, to vacate or reduce the damages awarded following the inquest held on March 1, 2005, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the default judgment against Reuven Holding vacated, and the matter remanded for further proceedings consistent herewith.

Plaintiff was bitten by a dog owned by defendant Kilsy Delacruz, who resided at property owned by defendant Reuven Holding, Ltd. However, the incident did not occur on Reuven's premises. Therefore, Reuven has a potentially meritorious defense against the claim (*see Shen v Kornienko*, 253 AD2d 396 [1998]; *Braithwaite v Presidential Prop. Servs., Inc.*, 24 AD3d 487 [2005]).

In addition, Reuven's default in answering the complaint, and subsequent failure to immediately move to vacate the default or appear at the inquest, is sufficiently excusable under the circumstances, in view of Reuven's placing plaintiff's prior counsel in direct contact with the administrator for the property's insurer, as well as the assigned attorney's affirmation admitting to a type of law office failure for which the client should not be penalized (*see Goldman v Cotter*, 10 AD3d 289, 291 [2004]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and McGuire, JJ.