■ CARLOS SEDENO, an Infant, by His Parent and Natural Guardian, DEBRA SEDENO, et al., Respondents, v VICTORIA LUCIANO, Appellant. [824 NYS2d 294]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 14, 2005, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

At all relevant times, plaintiffs lived in the house next door to the multifamily house owned by defendant. On February 17, 2003, the infant plaintiff was playing in front of his house when he saw a man open the gate to the fence enclosing defendant's backyard, whereupon a dog emerged, ran over to the infant plaintiff, and bit him. Plaintiffs allege that the dog belonged to the female tenant of defendant's basement and the tenant's boyfriend. In this action to recover for the infant plaintiff's injuries, Supreme Court denied defendant's motion for summary judgment dismissing the complaint. We reverse on the ground that defendant, who did not own the dog but was merely

the landlord of the premises where the dog was kept, had no responsibility to prevent a dog-bite incident that allegedly occurred off defendant's property (*see Gomez v Delacruz*, 27 AD3d 219 [2006]; *Foster v Jordan*, 269 AD2d 152, 153 [2000]; *Phillips v Coffee To Go*, 269 AD2d 123, 124 [2000]; *Shen v Kornienko*, 253 AD2d 396 [1998]; *see also Braithwaite v Presidential Prop. Servs., Inc.*, 24 AD3d 487 [2d Dept 2005]; *Weipert v Oldfield*, 298 AD2d 974 [4th Dept 2002]; *Terrio v Daggett*, 208 AD2d 1163 [3d Dept 1994]). Moreover, plaintiffs present insufficient evidence to raise an issue of fact as to whether the dog had vicious propensities, or, even if the dog had such propensities, as to whether defendant had notice of them. Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.