■ Cantarelli S.P.A., Appellant, v L. Della Cella Co., Inc., Respondent. [837 NYS2d 40]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered October 25, 2006, which granted defendant's motion to vacate its default, unanimously affirmed, with costs.

"[T]here is no per se rule that a corporation served through

the Secretary of State, and which failed to update its address on file there, cannot demonstrate an 'excusable default' " (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 143 [1986]). Notwithstanding defendant's failure to update its address for service with the Secretary of State, the circumstances as a whole demonstrate an excusable default (*cf. Crespo v A.D.A. Mgt.*, 292 AD2d 5 [2002]). Upon receiving the summons and complaint shortly after the time to answer expired, defendant immediately contacted its attorney who proceeded to negotiate the matter with plaintiff's attorney, and plaintiff's attorney agreed not to proceed further with the action until negotiations had concluded. When the parties were unable to resolve their dispute, plaintiff stated its intention to enter judgment. Defendant's original attorney's neglect to seek permission to file a late answer constitutes law office failure for which defendant should not be penalized (*see Gomez v Delacruz*, 27 AD3d 219 [2006]). Defendant's prompt motion to vacate its default further demonstrates its intent to defend the proceedings (*see Goldman v Cotter*, 10 AD3d 289, 291-292 [2004]).

Defendant also demonstrated a meritorious defense to the action. Defendant's president avers that defendant did not receive notice of the foreign action which plaintiff seeks to domesticate, and plaintiff's reliance on article 10 (a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1967]) to establish proper service and notice to plaintiff is unavailing (*see Sardanis v Sumitomo Corp.*, 279 AD2d 225, 228-229 [2001]). Defendant contends that it received less than the goods plaintiff billed it for and has provided documentation in support of its position. Concur—Andrias, J.P., Saxe, Williams, Gonzalez and Kavanagh, JJ.