■ JOHN GUCU ROBERTS, Appellant, v VIORIKA VICKI ANKA, Respondent. [846 NYS2d 280]—

In an action, inter alia, to recover damages for fraud and conversion, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Agate, J.), entered February 21, 2006, as granted those branches of the defendant's motion which were pursuant to CPLR 317 and 5015 (a) (1) and (3) to vacate a judgment of the same court which is in favor of the plaintiff and against the defendant, entered upon default in answering the complaint or appearing in the action and pursuant to CPLR 3211 (a) (4) to dismiss the complaint, (2) a judgment of the same court entered March 21, 2006, which, upon the order entered February 21, 2006, is in favor of the defendant and against him dismissing the complaint, and (3) an order of the same court dated March 28, 2006, which denied his motion, inter alia, in effect, to stay the transfer of certain real property, and granted the defendant's cross motion to impose costs pursuant to 22 NYCRR 130-1.1 for frivolous motion practice.

Ordered that the appeal from the order entered February 21, 2006 is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion to vacate her default in answering the complaint or appearing in the action is denied, the order entered February 21, 2006 is modified accordingly, and the matter is remitted to the Supreme Court, Queens County before a different justice for further proceedings consistent herewith; and it is further,

Ordered that the order dated March 28, 2006 is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the defendant's cross motion to impose costs upon the plaintiff, and substituting therefor a provision denying the cross motion; as so modified, the order dated March 28, 2006 is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order entered February 21, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1) (*see Marable v Williams*, 278 AD2d 459 [2000]; *Taylor v Jones*, 172 AD2d 745, 746 [1991]).

CPLR 308 (2), inter alia, authorizes service by delivery of the summons within the state to a person of suitable age and discretion at the defendant's dwelling place, and mailing the summons to the defendant's last known residence. "The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343 [2003]; *see Wern v D'Alessandro*, 219 AD2d 646, 647 [1995]; *Frankel v Schilling*, 149 AD2d 657, 659 [1989]). "A process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service pursuant to CPLR 308 (2)" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 343-344). Contrary to the defendant's contention, the Supreme Court's file contains an affidavit of service with a duly notarized original signature, timely filed on November 8, 2004. The pro-

cess server asserted that the summons and complaint were delivered to a female "relative" of the defendant of suitable age and discretion, whose physical description was set forth in detail, at the address that the defendant admits is her residence, followed by the required mailing. The process server's affidavit established, prima facie, that the defendant was properly served pursuant to CPLR 308 (2).

In support of her motion to vacate the default, the defendant denied receipt of a copy of the summons and complaint by delivery or mail, and claimed that there was no female relative "residing" at her home on the date service was allegedly effected. The fact that no female relative resided with the defendant on the date of service does not mean that the female relative described in the affidavit of service was not present at the defendant's home to accept service as a person of suitable age and discretion. Moreover, the defendant failed to submit any affidavit by any female relative denying receipt of the summons and complaint (cf. Foster v Jordan, 269 AD2d 152 [2000]). As the defendant's jurisdictional claim was wholly conclusory, the Supreme Court erred in vacating the defendant's default on the ground that jurisdiction had not been obtained over her (see Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453 [2000]; Simmons First Natl. Bank v Mandracchia, 248 AD2d 375 [1998]).

The Supreme Court also erred to the extent that it adopted the defendant's alternative argument, vacating the default under CPLR 5015 (a) (1) upon a showing of a reasonable excuse for failing to appear, along with a meritorious defense. Here, the defendant is unable to establish a reasonable excuse for the default, since she concedes that she received a copy of the plaintiff's summons and complaint from the attorney representing her in a related Surrogate's Court proceeding in November 2004, yet took no action in her defense prior to the default that was ordered several months later (cf. Hecht v Bass Rest., 267 AD2d 279, 280 [1999]).

Since the defendant's default should not have been vacated, the Supreme Court should not have reached, and thus should not have granted, those branches of the defendant's cross motion which were to dismiss the complaint pursuant to CPLR 3211. Any inquest that is to be conducted as to damages is without prejudice to an application by any party to transfer this action to the Surrogate's Court pursuant to CPLR 325 (e).

Moreover, absent the improper vacatur of the defendant's default, the plaintiff would have had no reason to engage in the subsequent motion practice that resulted in the imposition of

costs against him. Accordingly, the imposition of costs against the plaintiff was an improvident exercise of discretion (*see* 22 NYCRR 130-1.1 [a], [c]).

The parties remaining contentions either are without merit or have been rendered academic. Goldstein, J.P., Skelos, Dillon and McCarthy, JJ., concur.