■ Andrew Champ-Doran, Individually and as Parent and Guardian of Quentin Champ-Doran, an Infant, Respondent, v Daniel Lewis, Appellant. [892 NYS2d 665]—

Cardona, P.J.

Plaintiff commenced this action seeking damages for injuries

sustained by his son when he was attacked on the front porch of his home by one of the two dogs owned by defendant's tenant. Apparently, the dogs escaped from the fenced backyard of defendant's property. According to plaintiff's bill of particulars, defendant was not only aware of the vicious tendencies of his tenant's dogs, but also had actual and constructive notice that the fence surrounding his property was "broken and otherwise defective." Defendant denied these allegations and, following joinder of issue, moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting this appeal.

Defendant maintains that since it is undisputed that the incident did not occur on his property, Supreme Court erred in denying his summary judgment motion. Generally, landlords do "not owe a duty of care" (*Terrio v Daggett*, 208 AD2d 1163 [1994]) to persons injured by a tenant's dog where the injury occurs off the landlord's premises (*see e.g. Seiger v Dercole*, 50 AD3d 1524 [2008]; *Ruffin v Dykes*, 37 AD3d 1191 [2007]; *Braithwaite v Presidential Prop. Servs., Inc.*, 24 AD3d 487 [2005]; *Shen v Kornienko*, 253 AD2d 396 [1998]). However, liability can nevertheless be imposed where it is established "that the defendant knew of the dog's presence on the premises and its vicious propensities, and that the defendant had control of the premises or otherwise had the ability to remove or confine the dog" (*Phillips v Coffee To Go*, 269 AD2d 123, 124 [2000] [citation omitted]; *see Cronin v Chrosniak*, 145 AD2d 905, 906 [1988]; *see also Dufour v Brown*, 66 AD3d 1217 [2009]).

Here, viewing the record evidence in the light most favorable to plaintiff, there is sufficient proof for purposes of this motion that defendant had knowledge of the dogs' vicious propensities, as well as an adequate opportunity to control the premises and properly confine the dogs (*see Meyers v Haskins*, 140 AD2d 923, 924-925 [1988]). Even crediting defendant's deposition testimony that he did not know about the dogs at the time he initially rented the property, he acknowledged being aware of at least one of them soon thereafter and admitted that a neighbor complained to him regarding loud barking. He also testified that he knew of a previous time that one of the dogs escaped and told the tenant that the "dogs had to go." Notably, the record contains affidavits from several neighbors indicating that, prior to the subject incident, they had notified defendant of the dogs' vicious behavior, such as continually barking and lunging at people through holes in defendant's fence. Defendant stated that he was aware of the holes in the fence but "didn't think any dog could get under." In our view, this and other proof suf-

ficiently raised factual issues as to whether defendant breached a duty of care owed to persons who would be foreseeably injured by the escaping dogs. Therefore, defendant's motion for summary judgment dismissing the complaint was properly denied.

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.