In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 15, 2009, as, in effect, granted the cross motion of the defendant Steven Inker to vacate, pursuant to CPLR 5015 (a) (4), so much of a judgment of the same court (Kurtz, J.H.O.), entered May 23, 2008, as, upon his default in answering the complaint or appearing in the action, and after an inquest, was in favor of the plaintiff and against him in the principal sum of $500,000, and to compel the plaintiff to accept his untimely answer.
Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the motion of the defendant Steven Inker which was to vacate, pursuant to CPLR 5015 (a) (4), so much of the judgment as was in favor of the plaintiff and against him in the principal sum of $500,000 is denied, and that branch of the motion of the defendant Steven Inker which was to compel the plaintiff to accept his untimely answer is denied as academic.
CPLR 308 (2) authorizes service by delivery of the summons and complaint within the state to a person of suitable age and discretion at the defendant’s actual place of business. The plaintiff bears the ultimate burden of proving, by a preponderance of the evidence, that personal jurisdiction over the defendant was obtained by proper service of process (see Roberts v Anka, 45 AD3d 752, 753 [2007]).
Here, an affidavit of service from the plaintiffs process server established, prima facie, that on December 21, 2007, the defendant Steven Inker was properly served with the summons and complaint pursuant to CPLR 308 (2) at one of his actual places *954 of business (cf. Roberts v Anka, 45 AD3d at 753). Inker’s evidentiary submissions did not raise an issue of fact in conflict with that affidavit of service (cf. Dean v Samer, 201 AD2d 770, 771 [1994]). Under these circumstances, the Supreme Court should have denied that branch of Inker’s cross motion which was to vacate so much of the default judgment as was in favor of the plaintiff and against him (see CPLR 5015 [a] [4]).
The plaintiffs remaining contentions either are without merit or have been rendered academic in light of our determination. Covello, J.P., Angiolillo, Eng and Leventhal, JJ., concur.