■ CECIL HALL, Appellant, v UNITED FOUNDERS, LTD., Respondent, et al., Defendants. [977 NYS2d 239]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered January 14, 2013, which, to the extent appealed from as limited by the briefs, granted defendant United Founders, Ltd.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff seeks damages for injuries he allegedly sustained in an attack by a dog being kept by the night watchman at a construction site. Defendant United Founders, a general contractor, was constructing buildings on two adjacent properties, and had hired the night watchman and given him permission to keep the dog at the premises. The dog apparently escaped from the premises, and it and another dog attacked plaintiff on a public sidewalk near the site.

The owner or a party in control of premises may be held liable for injuries resulting from a dog bite that occurred off the premises if it had knowledge of the vicious propensities of the dog and had control of the premises and the capability to remove or confine the animal (*see Joe v Orbit Indus.*, 269 AD2d 121 [1st Dept 2000]; *Cronin v Chrosniak*, 145 AD2d 905, 906 [4th Dept 1988]). Defendant established prima facie that it was unaware of the dog's vicious propensities, through its owner's testimony

that he had never received any complaints about the dog and was not aware of any previous incidents involving the dog, and that the dog appeared friendly and well trained when he observed it. However, plaintiff raised an issue of fact through the testimony of a nonparty witness that he had seen the dog bite an electrician working at the construction site approximately one month before the subject incident occurred and was present when defendant's foreman called the owner and told him what had happened (*see Champ-Doran v Lewis*, 69 AD3d 1101 [3d Dept 2010]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.