Bedessee Imports, Inc. v Najjar (2019 NY Slip Op 01552)





Bedessee Imports, Inc. v Najjar


2019 NY Slip Op 01552


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-04627
 (Index No. 505930/14)

[*1]Bedessee Imports, Inc., appellant, 
v
Anwar Najjar, respondent.


Samuel Friedman, P.C., New York, NY, for appellant.



DECISION & ORDER
In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated January 11, 2016. The order granted the defendant's motion to vacate a judgment of the same court dated June 26, 2015, entered upon his failure to appear or answer the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion to vacate the judgment dated June 26, 2015, is denied.
On June 27, 2014, the plaintiff commenced this action to recover on a promissory note. In July 2014, the plaintiff's process server served the defendant pursuant to CPLR 308(2) by delivering a copy of the summons and complaint to a person of suitable age and discretion at the defendant's residence in Brooklyn, and by mailing a copy to the same address. On August 8, 2014, the plaintiff mailed a copy of the summons and complaint to the defendant's residence in Brooklyn pursuant to CPLR 3215(g)(3)(i). After the defendant failed to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment. On June 26, 2015, the Supreme Court issued a default judgment. Thereafter, the court granted the defendant's motion to vacate the default judgment. The plaintiff appeals.
Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1) (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 640; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860; Roberts v Anka, 45 AD3d 752, 753).
A process server's affidavit of service ordinarily constitutes prima facie evidence of service of the summons and complaint pursuant to CPLR 308(2) (see Sass Muni IV DTR v Braxter, 143 AD3d 798, 799; Wachovia Bank, N.A. v Carcano, 106 AD3d 726; Roberts v Anka, 45 AD3d at 754). The process server's affidavit asserted that the summons and complaint were delivered to a female cotenant of the defendant, who was a person of suitable age and discretion and whose physical description was set forth in detail, at the undisputed residence of the defendant, followed by the required mailing. The process server's affidavit established, prima facie, that the defendant was properly served pursuant to CPLR 308(2).
In support of his motion to vacate the default judgment, the defendant denied receipt of a copy of the summons and complaint by delivery or mail, and claimed that his wife was in Lebanon on the date service was allegedly effected. However, he failed to submit an affidavit from his wife denying receipt of the summons and complaint (see Roberts v Anka, 45 AD3d at 754) or to provide a description of his wife. Even though the defendant denied that any person as described in the affidavit of service was located at his residence on the date of service, he inconsistently stated that even if such an individual received the summons and complaint, she did not give the summons and complaint to him (see Granite Mgt. & Disposition v Sun, 221 AD2d 186, 187). Furthermore, in replying to the contentions raised by the defendant in his papers, the plaintiff submitted documentary evidence establishing that the defendant's wife was in Brooklyn on the day after the summons and complaint were delivered to the defendant's residence, which implicated the defendant's credibility (see Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 778; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019; Washington Mut. Bank v Holt, 113 AD3d 755, 757). Under these circumstances, the defendant's jurisdictional claim was wholly conclusory, and he was not entitled to vacatur of the default judgment on the ground that jurisdiction had not been obtained over him (see Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner, 57 AD3d 732, 733; Roberts v Anka, 45 AD3d at 754).
As to that branch of the defendant's motion which was made pursuant to CPLR 5015(a)(1), the defendant failed to establish a reasonable excuse for his default, since the only excuse he proffered was that he was not served with process (see Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 765; Reich v Redley, 96 AD3d 1038; Pezolano v Incorporated City of Glen Cove, 71 AD3d 970, 971).
As to that branch of the defendant's motion which was made pursuant to CPLR 317, the defendant failed to demonstrate that he did not personally receive notice of the summons in time to defend the action (see SFR Funding, Inc. v Studio Fifty Corp., 36 AD3d 604; Commissioners of State Ins. Fund v Nobre, Inc., 29 AD3d 511; General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d 447). The plaintiff's evidence demonstrating that multiple copies of process were mailed to the defendant at his correct residential address created a presumption of proper mailing and of receipt, and the defendant's mere denial of receipt, without more, was insufficient to rebut that presumption (see Clover M. Barrett, P.C. v Gordon, 90 AD3d 973; C & H Import & Export, Inc. v MNA Global, Inc., 79 AD3d 784, 786; Riverhead Sav. Bank v Garone, 183 AD2d 760, 762; Engel v Lichterman, 95 AD2d 536, 538, affd 62 NY2d 943).
In light of the foregoing, it is unnecessary to determine whether the defendant sufficiently demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 5015(a)(1) or 317 (see Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d at 765).
Accordingly, the Supreme Court should have denied the defendant's motion to vacate the default judgment.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court