Sadowski v Windsor Vil. Apts. Co., LLC (2021 NY Slip Op 06874)





Sadowski v Windsor Vil. Apts. Co., LLC


2021 NY Slip Op 06874


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-07342
 (Index No. 604446/18)

[*1]Peter Sadowski, et al., appellants, 
v
Windsor Village Apartments Company, LLC, et al., defendants, Village Brook GP Corp., et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim and Peter Sim of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent Village Brook GP Corp.
Barbiero, Bisch & O'Connor, LLP, Melville, NY (Kathleen S. Commander of counsel), for respondent AJLB Home Improvement, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated May 20, 2019. The order denied the plaintiffs' motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants Village Brook GP Corp. and AJLB Home Improvement, Inc., upon their failure to appear or answer the amended complaint, and granted that branch of the cross motion of the defendant Village Brook GP Corp. which was pursuant to CPLR 3012(d) to compel the plaintiffs to accept its late answer.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff Peter Sadowski (hereinafter the injured plaintiff) allegedly was injured on September 12, 2017, while working on a construction and renovation project at a building located in Amityville. In April 2018, the injured plaintiff, and his wife suing derivatively, commenced the instant action against the alleged owners and managers of the subject premises, including, among others, the defendant Village Brook GP Corp. (hereinafter Village Brook), alleging violations of Labor Law §§ 200 and 241(6), as well as common-law negligence. The plaintiffs subsequently filed an amended complaint naming AJLB Home Improvement, Inc. (hereinafter AJLB), the alleged general contractor of the construction and renovation project, as an additional defendant.
Neither Village Brook nor AJLB (hereinafter together the defendants) appeared or answered the amended complaint. Consequently, in March 2019, the plaintiffs moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendants. Village Brook opposed the plaintiffs' motion and cross-moved, inter alia, to compel the plaintiffs to accept its late answer.
By order dated May 20, 2019, the Supreme Court denied the plaintiffs' motion for leave to enter a default judgment against the defendants, and granted that branch of Village Brook's cross motion which was to compel the plaintiffs to accept its late answer. The plaintiffs appeal.
To avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). "A defendant who moves pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of an answer is required to make a similar showing" (Yuxi Li v Caruso, 161 AD3d 1132, 1133). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]).
Here, Village Brook articulated a reasonable excuse for its delay in appearing and answering the amended complaint (see Government Empls. Ins. Co. v Avenue C Med., P.C., 166 AD3d 857, 859; Rekhtman v Clarendon Holding Co., Inc., 165 AD3d 856, 857-858) and demonstrated a potentially meritorious defense to the action (see Gomez v Delacruz, 27 AD3d 219, 219). Moreover, given the evidence that Village Brook's delay was not willful, as well as the lack of prejudice to the plaintiffs resulting from Village Brook's delay in appearing and answering the amended complaint, the Supreme Court providently exercised its discretion in granting that branch of Village Brook's cross motion which was to compel the plaintiffs to accept its late answer (see Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566).
The plaintiffs' remaining contention is without merit.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court