Jinwu Yu v Hong Qin Jiang (2022 NY Slip Op 03377)





Jinwu Yu v Hong Qin Jiang


2022 NY Slip Op 03377


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-14305
 (Index No. 704356/19)

[*1]Jinwu Yu, et al., respondents, 
v
Hong Qin Jiang, appellant.


Law Offices of Bing Li, LLC, New York, NY, for appellant.
Bill Zou & Associates, PLLC, Flushing, NY (William X. Zou of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is not a member of the plaintiff SH 168, LLC, the defendant appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered November 13, 2019. The order denied the defendant's motion, in effect, pursuant to CPLR 3012(d) for leave to file and serve a late answer.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion, in effect, pursuant to CPLR 3012(d) for leave to file and serve a late answer is granted.
"A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of Am., N.A v Viener, 172 AD3d 795, 796; see Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655; see also CPLR 3012[d]). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]).
Here, in light of the relatively short delay between when the defendant's time to answer expired and when the defendant moved for leave to file and serve a late answer, the absence of prejudice to the plaintiffs, the defendant's lack of willfulness, the existence of a potentially meritorious defense to the action, and the strong public policy that actions be resolved on the merits, the Supreme Court should have granted the defendant's motion, in effect, pursuant to CPLR 3012(d) for leave to file and serve a late answer (see Wilmington Trust, N.A. v Pape, 192 AD3d 947, 949; P & H Painting, Inc. v Flintlock Constr. Servs., LLC, 179 AD3d 1086, 1087; Arias v First Presbyt. Church in Jamaica, 97 AD3d 712, 712).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court