Ezra Huber & Assoc., P.C. v Genevieve Lane Lopresti (2022 NY Slip Op 06910)

Ezra Huber & Assoc., P.C. v Genevieve Lane Lopresti

2022 NY Slip Op 06910

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-00232
2019-09679
 (Index No. 604024/16)

[*1]Ezra Huber & Associates, P.C., appellant,
v
Genevieve Lane Lopresti, etc., respondent.

Ezra Huber & Associates, P.C., Carle Place, NY, appellant pro se.

DECISION & ORDER
In an action to recover damages for prima facie tort and violation of Judiciary Law § 487, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered February 16, 2018, and (2) an order of the same court entered March 25, 2019. The order entered February 16, 2018, denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant upon her failure to answer the complaint or for a hearing on the issue of any reasonable excuse offered by the defendant, in effect, granted that branch of the defendant's cross motion which was to compel the plaintiff to accept her late answer, and granted the defendant's separate motion pursuant to CPLR 3211(a)(5) to dismiss the complaint. The order entered March 25, 2019, denied the plaintiff's motion for leave to renew and reargue its motion and its opposition to the defendant's cross motion and separate motion.
ORDERED the order entered February 16, 2018, is reversed, on the law, that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant upon her failure to answer the complaint is granted, that branch of the defendant's cross motion which was to compel the plaintiff to accept her late answer is denied, and the defendant's separate motion pursuant to CPLR 3211(a)(5) to dismiss the complaint is denied; and it is further,
ORDERED that the appeal from so much of the order entered March 25, 2019, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered March 25, 2019, as denied that branch of the plaintiff's motion which was for leave to renew its motion and its opposition to the defendant's cross motion and separate motion is dismissed as academic, in light of our determination on the appeal from the order entered February 16, 2018; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for prima facie tort and violation of Judiciary Law § 487. After the defendant failed to timely answer the complaint, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant upon her failure to answer the complaint or for a hearing on the issue of any reasonable excuse [*2]offered by the defendant. The defendant cross-moved, inter alia, to compel the plaintiff to accept her late answer. The defendant separately moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. In an order entered February 16, 2018, the Supreme Court denied the plaintiff's motion, in effect, granted that branch of the defendant's cross motion which was to compel the plaintiff to accept her late answer, and granted the defendant's separate motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
Thereafter, the plaintiff moved for leave to renew and reargue its motion and its opposition to the defendant's cross motion and separate motion. In an order entered March 25, 2019, the Supreme Court denied the plaintiff's motion.
The plaintiff appeals from the orders entered February 16, 2018, and March 25, 2019, respectively.
"A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of Am., N.A. v Viener, 172 AD3d 795, 796; see Jacobson v Val, 206 AD3d 803, 804). To avoid the entry of a default judgment upon the failure to answer the complaint, a defendant must make a similar showing (see Sadowski v Windsor Vil. Apts. Co., LLC, 200 AD3d 816, 817; Yuxi Li v Caruso, 161 AD3d 1132, 1133). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]; see Jinwu Yu v Hong Qin Jiang, 205 AD3d 1012, 1013).
Here, the defendant failed to provide a reasonable excuse for her delay in answering the complaint, as her claims that her and her counsel's respective medical issues prevented her from timely answering the complaint were vague and unsupported by any medical documentation (see PennyMac Corp. v Sellitti, 193 AD3d 959; Dankenbrink v Dankenbrink, 154 AD3d 809, 810; Salatino v Pompa, 134 AD3d 692, 693). Since the Supreme Court should not have granted that branch of the defendant's cross motion which was to compel the plaintiff to accept her late answer, the defendant's separate motion pursuant to CPLR 3211(a)(5) to dismiss the complaint was untimely, as a defendant must make this motion before service of the responsive pleading is required (see id. § 3211[e]; Wan Li Situ v MTA Bus Co., 130 AD3d 807, 808). Accordingly, the court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the defendant upon her failure to answer the complaint, denied that branch of the defendant's cross motion which was to compel the plaintiff to accept her late answer, and denied the defendant's separate motion pursuant to CPLR 3211(a)(5) to dismiss the complaint.
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court