Singh v Pradhan (2024 NY Slip Op 03703)

Singh v Pradhan

2024 NY Slip Op 03703

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-09561
 (Index No. 713526/22)

[*1]Mani Singh, respondent, 
v
Projwal Pradhan, appellant.

Phillips & Associates, PLLC, New York, NY (Steven Fingerhut and Zachary Randall of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered November 16, 2022. The order denied the defendant's motion pursuant to CPLR 3012(d), 2004, and 2005 for leave to serve a late answer.
ORDERED that the order is affirmed, with costs.
In June 2022, the plaintiff commenced this action against the defendant to recover damages for defamation, libel, embezzlement, and theft of identity. In August 2022, the defendant moved pursuant to CPLR 3012(d), 2004, and 2005 for leave to serve a late answer. The Supreme Court denied the motion. The defendant appeals.
"'A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (Ezra Huber & Assoc., P.C. v Lopresti, 211 AD3d 689, 690, quoting Bank of Am., N.A. v Viener, 172 AD3d 795, 796). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see HSBC Bank USA v Pantel, 208 AD3d 643, 644; Bank of Am., N.A. v Viener, 172 AD3d at 796). Here, the defendant's misguided strategy did not constitute law office failure and was not a reasonable excuse (see Federal Natl. Mtge. Assn. v Grossman, 205 AD3d 770, 772). The defendant's excuse that his counsel was overbooked with other, unrelated cases in other courts also did not constitute a reasonable excuse (see generally 47 Thames Realty, LLC v Robinson, 61 AD3d 923). Further, the defendant's excuse that his counsel mistakenly thought opposing counsel would agree to an extension, without more, did not constitute a detailed and credible explanation for the delay (see Dawkins v Isole, 206 AD3d 878, 879; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 355, 355).
Since the defendant failed to provide a reasonable excuse for his delay in answering the complaint, it is not necessary to determine whether he demonstrated a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Hernandez, 204 AD3d 958, 960; Bank of Am., N.A. v Viener, 172 AD3d at 796).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3012(d), 2004, and 2005 for leave to serve a late answer.
LASALLE, P.J., MALTESE, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court