Wilmington Trust, N.A. v Kamal (2025 NY Slip Op 02622)

Wilmington Trust, N.A. v Kamal

2025 NY Slip Op 02622

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-07838
 (Index No. 612447/17)

[*1]Wilmington Trust, National Association, respondent,
v
Nighat Kamal, appellant, et al., defendants.

Shiryak Bowman Anderson Gill & Kadochnikov LLP, Kew Gardens, NY (Matthew J. Routh and Mark S. Anderson of counsel), for appellant.
McCalla Raymer Leibert Pierce, New York, NY (Peter A. Swift and Daniel S. LoPresti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nighat Kamal appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated June 6, 2023. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court dated January 10, 2019, entered upon her default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of the motion of the defendant Nighat Kamal, inter alia, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
The plaintiff commenced this action against the defendant Nighat Kamal (hereinafter the defendant), among others, to foreclose a mortgage. The plaintiff obtained a judgment of foreclosure and sale dated January 10, 2019, upon the defendant's default in appearing or answering the complaint. In January 2023, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The plaintiff opposed the motion, contending, among other things, that the defendant was judicially estopped from challenging the Supreme Court's personal jurisdiction over her because she had filed a bankruptcy petition and received a discharge. In the order appealed from, the court determined that the defendant was judicially estopped from seeking to vacate the judgment of foreclosure and sale based upon lack of jurisdiction due to the bankruptcy discharge and therefore, the court did not consider the merits of the defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The defendant appeals.
Under the doctrine of judicial estoppel, a party who has assumed a certain position in a prior legal proceeding and secured a judgment that endorses the position is precluded from taking a contrary position in another legal proceeding simply because the party's interests have [*2]changed (see Cussick v R.L. Baxter Bldg. Corp., 228 AD3d 614, 616; Capital One, N.A. v Trubitsky, 206 AD3d 608, 610; Davis v Citibank, N.A., 116 AD3d 819, 820-821). Here, in opposition to the defendant's motion, the plaintiff failed to establish that the defendant received a favorable result in the bankruptcy proceeding by taking a position contrary to the one she is taking in this action with respect to the default judgment of foreclosure and sale (see Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846, 847; Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864; cf. Wells Fargo Bank N.A. v Hornes, 94 AD3d 755). Thus, the Supreme Court should have considered the merits of the defendant's motion, among other things, pursuant to CPLR 5015(a) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Roberts v Anka, 45 AD3d 752, 753; see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897). Since the Supreme Court did not consider the merits of the defendant's jurisdictional objection, we remit the matter to the Supreme Court, Suffolk County, and do not reach the parties' contentions concerning vacatur of the default under CPLR 5015(a)(1).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court